J-S52025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JORDAN MICHAEL MOFFETT, | |
| Appellant | No. 204 WDA 2015 |

Appeal from the PCRA Order of January 15, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001618-2013

BEFORE:  SHOGAN, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 14, 2015**

Appellant, Jordan Michael Moffett, appeals from the order entered on January 15, 2015, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we reverse, vacate Appellant's judgment of sentence, and remand for resentencing.

We briefly summarize the facts and procedural history of this case as follows.  On November 1, 2013, Appellant pled guilty to robbery pursuant to 18 Pa.C.S.A. § 3701(a)(ii).  On December 17, 2013, the trial court imposed a mandatory term of five to ten years of imprisonment pursuant to 42 Pa.C.S.A. § 9712, based upon the court's determination at sentencing that Appellant committed the robbery with a firearm.  Because Appellant did not request reconsideration or file a direct appeal, his judgment of sentence

became final on January 16, 2013. *See* Pa.R.Crim.P. 720; Pa.R.A.P. 903 (providing thirty days to file appeal under both rules). On September 12, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition, on October 31, 3014, alleging Appellant's sentence was illegal. On December 24, 2014, the PCRA court sent Appellant notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, along with an accompanying opinion. By order entered on January 15, 2015, the PCRA court denied relief. The PCRA court, in its December 24, 2014 opinion, concluded that the United States Supreme Court's decision in *Alleyne*[1] did not apply to Appellant's case because he entered a guilty plea and *Alleyne* does not apply retroactively in the context of a PCRA petition. This timely appeal followed.

On appeal, Appellant presents the following issue for our review:

> [1.] Whether the [trial] court erred in failing to find that the mandatory minimum sentence imposed in the instant case constituted an illegal sentence under *Alleyne*?

Appellant's Brief at 2.

Appellant asserts his sentence is illegal under *Alleyne* because the trial court imposed his mandatory sentence based upon an unconstitutional statute. *Id.* at 4. Appellant's sentence became final after the decision was rendered in *Alleyne*, on June 17, 2013, but before our Court interpreted and

---

[1] *Alleyne v. United States*, -- U.S. --, 133 S. Ct. 2151 (2013).

applied *Alleyne* in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) and *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014). Thus, Appellant argues, in effect, that his case does not involve retroactive application of the rule announced in *Alleyne* even though he is presently proceeding on collateral review.  *Id.*  Accordingly, Appellant argues that his sentence is illegal, regardless of whether he pled guilty or was convicted following trial.  *Id.*

Our scope and standard of review is well-settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.  Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

Here, the trial court imposed a five-year mandatory minimum sentence, pursuant to 42 Pa.C.S.A. § 9712, based upon its finding that Appellant brandished a firearm during the commission of a robbery.  The PCRA court subsequently denied Appellant's requested relief under *Alleyne* on two grounds.  First, the PCRA court determined that *Alleyne* and its progeny are "not applicable in the [guilty] plea setting because the defendant concedes the factual predicates that implicate the mandatory

minimum sentence." PCRA Court Opinion, 12/24/2014, at 3. Second, the PCRA court determined that Appellant was not entitled to retroactive application of *Alleyne*. *Id.*

This Court has held Section 9712 to be unconstitutional, in its entirety, in light of *Alleyne*. *Commonwealth v. Valentine*, 101 A.3d at 812; *see also Commonwealth v. Hopkins*, 117 A.3d 247, 262 (Pa. 2015) (holding a statute is unconstitutional in its entirety when the remaining unoffending provisions of that statute are incapable of severance). Because Section 9712 is unconstitutional in its entirety, **any** sentence imposed pursuant to that section is illegal and must be vacated, as no statutory authority for such a penalty exists. *Commonwealth v. Fennell*, 105 A.3d 13, 15-20 (Pa. Super. 2014) (emphasis added) (explaining "if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction" and holding a defendant's stipulation to the fact that resulted in the imposition of a mandatory minimum sentence did not satisfy the dictates of *Alleyne*).

In view of these principles, we reject the PCRA court's conclusion that *Alleyne* "is not applicable in the plea setting because the defendant concedes the factual predicates that implicate the mandatory minimum sentence." PCRA Court Opinion, 12/24/2014, at 3; *see Fennell*, *supra* (because mandatory minimum sentencing statute is unconstitutional in its entirety, the court rejected stipulations of fact regarding the weight of narcotics recovered as grounds for distinguishing *Alleyne*); *see also*

*Commonwealth v. Vargas*, 108 A.3d 858, 877 (Pa. Super. 2014) (*en banc*) (same). Any sentence, regardless of the result of a plea or a trial, imposed pursuant to Section 9712 is illegal in the wake of *Alleyne*.

We now consider whether Appellant's challenge to the legality of sentence under *Alleyne*, under the specific circumstances presented here, implicates the policy against retroactive application of that decision. In *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), we held that *Alleyne* does not apply retroactively to all cases, but does apply to cases that were pending on direct appeal when the United States Supreme Court announced its decision on June 27, 2013. *Id.; see also Commonwealth v. Cunningham*, 81 A.3d 1, 6 (Pa. 2013) (*Miller* does not apply retroactively to a case in which defendant's judgment of sentence for murder became final more than six years prior to *Alleyne*); *Commonwealth v. Riggle*, 2015 WL 4094427, *5-7 (Pa. Super. 2015) (neither the Pennsylvania Supreme Court nor the United States Supreme Court has declared that *Alleyne* should be applied retroactively on collateral review to cases wherein the judgment of sentence become final prior to *Alleyne*); *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (same). We infer from these holdings that collateral relief is available only where a defendant's judgment of sentence was not final at the time *Alleyne* was decided.

In this case, Appellant pled guilty on November 1, 2013. The trial court sentenced Appellant on December 17, 2013. Thus, because *Alleyne*

became the law on June 27, 2013, before Appellant pled guilty and received his sentence, we see no impediment to applying **Alleyne** under the present circumstances before us.

The PCRA "provides for an action by which persons convicted of crimes they did not commit and **persons serving illegal sentences** may obtain collateral relief." 42 Pa.C.S.A. § 9542 (emphasis added). A sentence imposed in violation of **Alleyne** is illegal and the issue cannot be waived. **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa. Super. 2014). "A challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction." **Id.** A challenge to the legality of sentence is cognizable under the PCRA. **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011). The PCRA court has jurisdiction to hear PCRA petitions filed within one year of the date the judgment becomes final.[2] 42 Pa.C.S.A. § 9545.

In this case, the PCRA court erred as a matter of law in denying Appellant relief. Appellant presented a legality of sentence claim in a timely PCRA petition. **Alleyne** was controlling at the time Appellant entered his plea and received his sentence. Thus, we are constrained to reverse the PCRA court's order, vacate the judgment of sentence, and remand for a new sentence in accordance with **Alleyne** and **Valentine**.

---

[2] There is no dispute that Appellant filed a timely PCRA petition.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015